UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KALEIGH PROPST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-133-KAC-DCP |
| | ) | |
| KNOX COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Knox County, Tennessee's "Motion to Dismiss" [Doc. 41]. In that Motion, Defendant seeks to dismiss Plaintiff Kaleigh Propst's Fourth Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Doc. 41 at 1]. For the below reasons, the Court grants the Motion in part and denies it in part; dismissing Plaintiff's (1) claims under 42 U.S.C. § 1983 (Counts One and Two), the Americans with Disabilities Act (ADA) (Count Three), and the Tennessee Constitution (Count Four) with prejudice and (2) negligence claim (Count Five) without prejudice.

**I. Background[1]**

Defendant "operates and maintains" the Knox County Sheriff's Office ("KCSO") and is responsible for establishing and enforcing policies pertaining to the activities of the deputies [Doc. 39 ¶ 5]. "Law enforcement training exists that addresses interactions between . . . deputies and persons suffering from mental health crises, specifically Crisis Intervention Team ("CIT") training" [*Id*. ¶ 52]. KCSO "to some degree employs CIT training but does not make it

---

[1] Because Plaintiff is the nonmoving Party, the Court describes the facts in the Fourth Amended Complaint in the light most favorable to her. *See Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022) (citation omitted).

1

widely available to its deputies" and "does not require officers with sufficient training to be available to respond to situations where a person is suffering from a mental health crisis" [*Id.* ¶ 53]. According to the Fourth Amended Complaint, "[r]esources other than CIT training" are "available to KCSO deputies who encounter persons with mental health cris[e]s, but KCSO deputies routinely fail to engage [those] services" [*Id.* ¶ 56]. KCSO does not have a "community paramedic, mental health response staff, or co-response team trained in responding to citizens experiencing traumatic mental health episodes" [*Id.* ¶ 50].

Plaintiff suffers from various mental health conditions including psychosis, mania, and bipolar associative disorder [*Id.* ¶ 14]. On March 26, 2023, Plaintiff endured a "mental health episode" during which she was experiencing "psychosis" and left her home partially undressed before wandering into nearby woods [*Id.* ¶¶ 16, 18]. Plaintiff's mother "called KCSO" and was transferred to "the 9-1-1 call center" [*Id.* ¶¶ 19-20]. During the call, she indicated that Plaintiff is a "mental illness patient" and "disabled" and "requested mental health assistance" for Plaintiff [*Id.* ¶¶ 22-23].

In response, KCSO dispatched Deputies Ryan Bell, Dustin Farmer, Nicholas Halsey, and "K-9 Officer Knox," a German Shepherd, to the scene [*Id.* ¶ 25]. "After approximately fifteen (15) minutes of searching" for Plaintiff, the Deputies "located her in a wooded area" [*See id.* ¶ 27]. She was in distress [*See id.* ¶ 30]. Deputies Bell and Halsey attempted to convince Plaintiff to leave the woods with them [*Id.* ¶ 28]. After Plaintiff "refused to join the deputies, [Deputy] Bell kneeled down and reached out towards" Plaintiff [*Id.* ¶ 33]. Plaintiff "responded by kicking toward the deputies" [*Id.* ¶ 34]. A "physical struggle" then ensued, during which Deputy Bell "struck Ms. Propst with a closed fist across the face" and Plaintiff "struck" Deputy Bell "on the head with his flashlight" [*Id.* ¶¶ 35, 38, 40]. One of the Deputies tased Plaintiff [*Id.* ¶ 42]. Then, "K-9 Officer

2

Knox aggressively bit" Plaintiff "on the left ankle and ripped off her pants" [*Id*. ¶ 43]. KCSO has allegedly "permitted prior instances of misconduct by K-9 handlers," including "instances where K-9 officers have bit Knox County citizens" [*Id*. ¶ 64]. "[O]n multiple prior occasions," "KCSO deputies have assaulted and sicced dogs on individuals suffering from a mental health crisis" [*Id*. ¶ 61].

On November 18, 2024 Plaintiff filed a Fourth Amended Complaint [Doc. 39], which is operative. The Fourth Amended Complaint seeks damages from Defendant based on claims for: (1) "Federal Constitutional Violations, Including 42 U.S.C. § 1983" (Count 1); (2) "Federal Constitutional Violations" (Count Two); (3) violation of the ADA (Count Three); (4) "State Constitutional Violations" (Count Four); and (5) negligence under state law (Count Five) [*See id.* at 11-23, ¶¶ 65-128].

Thereafter, Defendant filed the instant Motion to Dismiss [Doc. 41]. Defendant moves the Court to "dismiss Plaintiff's Fourth Amended Complaint" "pursuant to Rule 12(b)(6)" for failure to state a claim [Doc. 41 at 1]. Defendant relies, in part, on "bodycam videos of Officers Bell, Halsey, and Farmer" that it manually filed with the Court [*See id.* at 2].

Plaintiff filed a Response [Doc. 42], which clarifies the grounds on which she intends to oppose the Motion to Dismiss. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). As to Counts One and Two, the Response indicates that Plaintiff seeks to allege *Monell* liability against Defendant based on three theories: (1) an official policy or legislative enactment, [*see* Doc. 42-1 at 8-11]; (2) failure to train based on a "single violation of federal rights," [*see id.* at 11-15]; and (3) "inaction," [*see id.* at 16]. Plaintiff argues that she "is unable to ascertain to what extent similar KCSO violations have occurred" and "is unable to state each instance that may exist regarding KCSO misconduct as it relates to her

3

case in order to allege a 'clear and persistent pattern of unconstitutional conduct'. . . before discovery has been conducted" [*See id.* at 10]. The Response further asserts that "questions regarding KCSO's CIT training remain unanswered" and Plaintiff "requires the opportunity to determine, through discovery, whether the CIT training is sufficient" and whether there are proper "policies and procedures in place" targeted at responding to "citizens experiencing a mental health crisis" [*Id.* at 13]. As to Count Three, Plaintiff argues that Defendant failed to modify its policies or practices to accommodate her disability [*Id.* at 23-24]. As to Count Four, "Ms. Propst concedes she may not assert a private right of action for damages based on violations of the Tennessee Constitution" [*Id.* at 24]. Plaintiff also relies on materials outside of the Fourth Amended Complaint to support her Response [*See, e.g.*, *id.* at 5]. Defendant replied [Doc. 45].

II.     **Analysis**

As a preliminary matter, the Court must determine the scope of its review. Generally, when parties present materials outside of the operative complaint in briefing a Rule 12(b)(6) motion, "Rule 12(d)'s text" gives a district court "two options." *See Cotterman v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at *4 (6th Cir. Oct. 30, 2023). The court must either "expressly exclude outside-the-complaint materials" or "convert the motion to one for summary judgment." *See id.* (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (emphasis omitted)); *see also* Fed. R. Civ. P. 12(d). Here, the Court takes the first option and expressly excludes outside-the-complaint materials, including the "bodycam videos of Officers Bell, Halsey, and Farmer."[2]

---

[2] A mere passing reference in the Fourth Amended Complaint to unspecified "deputies' bodycam videotapes," [*see* Doc. 39 at 10 ¶ 67 (there are two Paragraph 67s in the Fourth Amended Complaint)], is insufficient to bring these specific Deputies' bodycam videos within the exception for "public records" that are "referred to in the Complaint" and "central to the claims contained therein," *see Hodges v. City of Grand Rapids*, 139 F.4th 495, 510 (6th Cir. 2025) (citation omitted).

4

Then, to survive a motion to dismiss under Rule 12(b)(6), an operative complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Bare "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim to relief. *Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 686 (6th Cir. 2024). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (internal quotation omitted). "A plaintiff is not entitled to discovery before a motion to dismiss" and with limited exceptions not applicable here may not defer stating a plausible claim until obtaining discovery. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 558-59); *see also Iqbal*, 556 U.S. at 664-65.

> **A. Because Plaintiff Concedes That No Right Of Action Exists, The Court Dismisses Count Four With Prejudice.**

Plaintiff concedes that she cannot assert a private right of action for damages under the Tennessee Constitution as alleged in Count Four [Doc. 42-1 at 24]. *See also Siler v. Scott*, 591 S.W.3d 84, 102 (Tenn. Ct. App. 2019) ("Tennessee . . . has not recognized any . . . implied cause of action for damages based upon violations of the Tennessee Constitution" (quotation omitted)). Because Plaintiff concedes that she cannot recover on Count Four, the Court dismisses that claim with prejudice. *See, e.g.*, *859 Boutique Fitness LLC v. Cyclebar Franchising, LLC*, No. 5:16-CV-018-KKC, 2016 WL 2599112, at *3 n.2 (E.D. Ky. May 5, 2016)

5

("Since Plaintiff has conceded that there is no private right of action . . . it is unclear what purpose would be served by dismissing this claim without prejudice.").

### B. The Fourth Amended Complaint Fails To State A Section 1983 Claim Against Defendant (Counts One and Two).

A municipality like Defendant is not liable under Section 1983 "simply because it employs a tortfeasor, nor can it be liable for an injury inflicted solely by its employees or agents." *See Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024) (internal quotation omitted). Rather, "a municipality may be held liable only for its **own** illegal acts." *Id.* (citation modified). To assert municipal liability under *Monell*, a plaintiff "must connect [an] employee's conduct to a municipal policy or custom." *See id.* (citation modified). Plaintiff has defended based on three potential theories of *Monell* liability here, [*see* Doc. 42-1 at 8-11, 11-15, 16]; "the existence of an illegal official policy or legislative enactment," "the existence of a policy of inadequate training or supervision," and "the existence of a custom of tolerance or acquiescence of federal rights violations," sometimes referred to as "inaction," *see Kovalchuk*, 95 F.4th at 1038 (quotation and citation omitted). *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (defining the "inaction theory" as "where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched" (citation omitted)). Even then, the municipal policy or custom must be the "moving force behind the injury alleged." *Kovalchuk*, 95 F.4th at 1038 (quotation and citation omitted). The Court addresses each of Plaintiff's theories in turn. None is successful.

*First*, Plaintiff appears to rely on "legislative enactments" to establish an illegal "policy or custom" [*See* Doc. 42-1 at 8]. Yet the Fourth Amended Complaint contains no facts regarding the existence of any formal rule or official policy of Defendant Knox County related to KCSO's response to mental health crises [*See* Doc. 39]. *See Jackson v. City of Cleveland*, 925 F.3d 793,

6

829 (6th Cir. 2019) (providing that under this theory "the plaintiff must show that there were '*formal* rules or understandings'" that "establish fixed plans of action to be followed under similar circumstances consistently and over time" (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (emphasis added)).  So, the Fourth Amended Complaint fails to state a claim under this theory.

*Second*, Plaintiff argues that Defendant "fail[s] to adequately train KCSO deputies to appropriately respond to citizens in mental health crises" [Doc. 42-1 at 12].  To proceed on a "failure to train" theory, a plaintiff must allege facts permitting the Court to infer that "(1) the training . . . was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Franklin v. Franklin Cnty.*, 115 F.4th 461, 474 (6th Cir. 2024) (quotation omitted).  As relevant here, the Fourth Amended Complaint alleges that Defendant employs "CIT training," which is targeted at responding to citizens in mental health crises [Doc. 39 ¶¶ 52, 53].  But Plaintiff concedes that she cannot determine whether that training "is sufficient"—and thus, she cannot satisfy the first required element of this theory—without discovery [Doc. 42-1 at 13].  And she is not entitled to discovery to state a viable claim. *See Kolley*, 725 F.3d at 587.  Therefore, this theory fails on that basis alone.

Even if she could state facts that would permit the Court to infer that the training Defendant provided was inadequate, Plaintiff's failure to train theory would still fail because she does not plausibly allege deliberate indifference.  Deliberate indifference is a "stringent standard of fault," requiring that the municipality "disregarded a known or obvious consequence of [its] action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation omitted).  In a "narrow range of circumstances," a plaintiff may be able to demonstrate deliberate indifference based on evidence

7

of "a single violation of federal rights," *see Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 739 (6th Cir. 2015) (citation and quotation omitted), as Plaintiff attempts here, [*see* Doc. 42-1 at 12]. *See also Grote v. Kenton Cnty.*, 85 F.4th 397, 415 (6th Cir. 2023). But a plaintiff must allege facts showing that the municipality "has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation." *Grote*, 85 F.4th at 415 (quotations and citations omitted). The Fourth Amended Complaint does not clear that bar. Even viewing all of the facts in the Fourth Amended Complaint in the light most favorable to Plaintiff, they do not allow the Court to infer that Defendant's alleged failure to train presented an obvious potential for any constitutional violation alleged in the Fourth Amended Complaint. *See id.*

***Third***, Plaintiff attempts to succeed on an "inaction" theory [*See* Doc. 42-1 at 16]. To do so, she must allege facts demonstrating, among other things, "the existence of a clear and persistent pattern of illegal activity" and Defendant's "tacit approval of" that conduct. *See Thomas*, 398 F.3d at 429 (citation modified). But the Fourth Amended Complaint does not allege facts establishing either element [*See* Doc. 39]. *See 16630 Southfield Ltd. P'ship.*, 727 F.3d at 506; *see also Franklin*, 115 F.4th at 472. And Plaintiff concedes that she is currently "unable" to allege prior instances of "KCSO misconduct . . . in order to allege a 'clear and persistent pattern'" [*See* Doc. 42-1 at 10]. Because the Fourth Amended Complaint fails to state a Section 1983 claim against Defendant under any of the theories Plaintiff espouses, the Court dismisses Counts One and Two with prejudice.

C. **The Fourth Amended Complaint Fails To State A Claim Against Defendant Under The ADA (Count Three).**

The ADA provides that "no qualified individual with a disability shall, ***by reason of such disability***, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

8

42 U.S.C. § 12132 (emphasis added). To state a violation of the ADA as Plaintiff alleges, [*see* Doc. 42-1 at 23-24], the facts in the Fourth Amended Complaint must allow the Court to infer that Defendant "intentionally discriminated against" Plaintiff "*because of* [her] disability" when it failed to modify its policies and procedures on March 26, 2023 to accommodate her disability. *See Smith v. City of Troy*, 874 F.3d 938, 947 (6th Cir. 2017) (citation omitted).

Here, the Fourth Amended Complaint contains no allegations suggesting that Defendant Knox County took any action against Plaintiff that intentionally discriminated against her because of her mental health challenges [*See* Doc. 39]. At most, the Fourth Amended Complaint may allow the Court to infer that a 9-1-1 dispatcher may have made certain KCSO Deputies aware of Plaintiff's challenges before they interacted with her [*See id.* ¶¶ 20-26]. But even that is unclear from the allegations [*See id.*]. And even if that inference were permissible, that inference and the law do not establish imputed liability to Defendant Knox County. The facts alleged must allow the Court to infer that Defendant Knox County intentionally discriminated against Plaintiff, and the Fourth Amended Complaint falls short. Accordingly, Plaintiff's ADA claim (Count Three) fails too, and the Court dismisses Count Three with prejudice.

  **D. The Court Declines To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Negligence Claim (Count Five).**

Finally, "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach" the plaintiff's remaining state law claims. *See Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). Having dismissed all of the federal claims in this action (upon which the Court's jurisdiction rests),

9

the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law negligence claim (Count Five). Accordingly, the Court dismisses Count Five without prejudice.

### III. Conclusion

For the reasons above, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 41] **in part and DENIES it in part**. The Court **DISMISSED** Plaintiff's (1) claims under 42 U.S.C. § 1983 (Counts One and Two); the ADA (Count Three); and the Tennessee Constitution (Count Four) **with prejudice**. And the Court **DISMISSED** Plaintiff's negligence claim (Count Five) **without prejudice**. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge